THE STATE OF KANSAS, *on the relation of H. L. Taylor, Assistant Attorney General for Sedgwick County,* v. J. F. SHEARMAN AND C. A. VAN NESS, *as Police Commissioners of the City of Wichita.*

1. POLICE COMMISSIONERS, *not Removable,* under ¶¶ 1885 and 2532 of the General Statutes of 1889; when removable by the governor.

2. ASSISTANT ATTORNEY GENERAL, *Duties of,* confined to the limits of the county in which he is appointed.

*Original Proceeding in Quo Warranto.*

PETITION filed in this court June 30, 1892. On July 6, 1892, the defendants, *J. F. Shearman* and *C. A. Van Ness,* each for himself, filed a demurrer to the petition herein, for the causes following, to wit:

"1. The court has no jurisdiction of the person of the defendant.

"2. The court has no jurisdiction of the subject-matter of the action.

"3. The plaintiff has not the legal capacity to sue.

"4. The plaintiff, on the relation of H. L. Taylor, assistant attorney general for Sedgwick county, Kansas, has not the legal capacity to sue.

"5. There is a defect of parties plaintiff.

"6. There is a defect of parties defendant.

"7. The petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant."

And thereafter, on Wednesday, the 5th day of October, 1892 — *J. N. Ives,* attorney general, *H. L. Taylor,* assistant attorney general, and *Jacob M. Balderston,* appearing for the plaintiff, and *Stanley & Hume,* for the defendants — before the supreme court of the state of Kansas, in session at the supreme court room, in the city of Topeka, the following proceeding was had, and remains of record at page 152 of journal "T" of said court, as follows:

"THE STATE OF KANSAS, *ex rel.*, *Plaintiff*,

    *v.*

"J. F. SHEARMAN *et al.*, *Defendants*.

"Now comes on for decision the demurrer of the defendants to plaintiff's petition; and thereupon, after due consideration by the court, it is ordered that the said demurrer be sustained — the court holding:

"First. The members of the board of police commissioners are appointed by the governor, and their powers come directly from the state, and therefore they are not removable in a proceeding of the character pending against them, under ¶¶ 2532 or 1885 of the General Statutes of 1889, or any other statute. If the members of the board or any of them are inefficient, negligent, or otherwise fail to perform their respective duties, the governor, under the provisions of the statutes, has plenary power to remove at any time.

"Second. The duties of the assistant attorney general are confined to the limits of the county in which he is appointed, and no duty is imposed upon him by statute to bring an action prosecuted in the name of the state on his relation. It is further ordered, that the plaintiff herein pay the costs of this proceeding, taxed at $——, and hereof let execution issue."*

---

*As no written opinion was filed in the foregoing case — no opinion therein appearing, save that contained in the journal entry — the publication in a former Report of the decision thereof was overlooked.

# JULY TERM, 1893.

### PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. WILLIAM A. JOHNSTON, }
Hon. STEPHEN H. ALLEN,     } Associate Justices.